1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA McGUINNESS, Esq. (SBN 159420)
2  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
3  Oakland, CA 94612
   Telephone: 510/832-5001
4  Facsimile: 510/832-4787
   reinlawoffice@aol.com
5
   Attorneys for Plaintiff
6  ALEXANDRA STOFFEL, a minor,
   by LAURIE STOFFEL, as her *Guardian Ad Litem*
7

8

9           IN THE UNITED STATES DISTRICT COURT

10       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
   ALEXANDRA STOFFEL, a minor,        Case No. 2:08-CV-01076-JAM-GGH
12 by LAURIE STOFFEL, as her
   *Guardian Ad Litem*,               Civil Rights
13
          Plaintiff,
14
   v.
15
                                      APPLICATION FOR APPROVAL
16 CITY OF SACRAMENTO; and            OF PROPOSED SETTLEMENT OF
   DOES 1-10, Inclusive,              MINORS' CLAIMS AND ORDER
17
          Defendants.                 PURSUANT TO LR 17-202
18 _____/

19

20
           Plantiff ALEXANDRA STOFFEL, a minor, by JENNIFER
21
   STOFFEL as her Guardian Ad Litem, hereby requests that this Court approve the
22
   proposed settlement of her claims, as set forth in Local Rule 17-202.
23

24
   **INFORMATION REGARDING PLAINTIFF AND PLAINTIFF'S CLAIMS**
25

26 Plaintiff ALEXANDRA STOFFEL is a minor born July 31, 1993. She is now 16

27 years old. She is represented in this action by her mother and Guardian ad Litem,

28 Laurie Stoffel. Plaintiff is physically disabled and requires use of a wheelchair

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

1

1  for mobility.

2      Plaintiff, by her Guardian ad Litem, filed this action on May 16, 2008, to

3  enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42

4  U.S.C. paragraphs 12101 et seq., and California civil rights laws against

5  Defendant  CITY OF SACRAMENTO, relating to the  services, programs and

6  activities at the Sacramento Community Center Theater, located at 1301 L Street,

7  Sacramento, California, on or about July 27, 2007, September 7, 2007, and

8  continuing.  The lawsuit seeks injunctive relief to obtain disabled access as well

9  as damages, attorney fees, litigation expenses and costs.

10

11  **FACTUAL BASIS OF CLAIMS**

12      Alexandra loves the theater, both attending and performing.  Theater is an

13  integral part of her active life, along with getting good grades in high school and

14  other extracurricular activities like tennis.  She takes drama courses in school.

15  When she grows up she wants to be an actress and director. Attending live theater

16  is therefore very important to Alexandra.

17      Unfortunately, the Sacramento Center Community Theater, which is the

18  main venue for professional theater in Sacramento where she lives, is legally and

19  practically inaccessible to people in wheelchairs.  The only access to orchestra

20  section seating is by stairs, except for one row at the very back of the section, next

21  to the sound equipment and lighting board, where theater staff work during

22  performances.  The companion seating in that row is folding metal chairs.  The

23  back row seats were never really designated as seating – as evidenced by the lack

24  of any fixed seats and the presence of production equipment in the middle of the

25  row – and they present inferior viewing and sound quality.

26      In 2007 Alexandra attended two performances at the Sacramento

27  Community Center Theater with her mother, "Jersey Boys" and "Whistle Down

28  the Wind."  Due to the lack of wheelchair seating and Theater box office policies,

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

2

1 she was relegated to the back row of the orchestra section for both performances.

2 At "Jersey Boys" she was  sandwiched next to the sound board; the flashing

3 lights, movement of sound engineers, noise from the soundboard, and distorted

4 sounds ruined her experience.  During "Whistle Down the Wind" she was again

5 placed in the very last row, though there were no sound boards.  She could not see

6 the faces of the cast, including two friends who were performers in the cast.

7     As a result of her "back of the bus" seats, Alexandra was unable to see and

8 hear either performance adequately.  She felt humiliated by her second-class

9 treatment.  The experience was especially dismaying to her because she was

10 interested  in the staging, technical aspects of production, set design, stage

11 movements and other aspects of the actors' craft.

12     Despite her love for theater, Alexandra has been deterred from

13 returning to the Theater for more than two years because she is denied full and

14 equal access to the facilities.  She has been invited by friends to attend

15 performances there, but declined because she knew she would face the barriers

16 previously described and if she did go with her able-bodied friends, she would

17 either have sit by herself in the back row or her friends would have to sit with her

18 in the last row and thus also suffer some of the poorest seats in the Theater.

19 Instead, her family has to drive two hours to San Francisco whenever they want to

20 see professional theater.

21

22 **LIABILITY OF DEFENDANTS**

23

24     Defendant City of Sacramento is a public entity subject to Title II of the

25 Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973.  The

26 Rehabilitation Act required removal of barriers and provision of access for all

27 recipients of federal financial assistance, such as defendant.  42 U.S.C. 12132; 42

28 U.S.C. 12111.  In addition, as originally constructed the Theater was subject to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

3

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

1  the requirements of California state law requiring full and equal access to public

2  facilities pursuant to Government Code sections 4450. In addition to section

3  4450, the facility is subject to Government Code section 11135, established in

4  1977, and California Code of Regulations, Title 24, established in 1982, for any

5  construction or alterations which took place subsequently.

6  Finally, defendant is liable alternatively under Civil Code sections 51, 52,

7  and 54 *et seq.* for failing to provide disabled access to its public facilities, and to

8  the "programs, services and activities" at the Theater.  See, Donald v. Sacramento

9  Valley Bank, 209 Cal. 3d 1183 (1989).  Intent is not an issue.  Hankins v. El

10  Torito Restaurants, Inc., 63 Cal. App. 4th 510 (1998); Donald v. Café Royale,

11  218 Cal. App. 3d 168 (1990).

12

13  **PROPOSED SETTLEMENT**

14  This case settled with the assistance of Magistrate Judge Hollows at a

15  Settlement Conference on October 20, 2009.  The Consent Decree and [Proposed]

16  Order in this case is attached as **Exhibit 1.**  It provides for a permanent injunction

17  to remediate the physical barriers present in the  Theater, as well as damages and

18  attorneys fees, expenses and costs.  The main injunctive relief involves creating

19  four wheelchair-accessible seats, plus companion seats, in the front of the

20  orchestra section at rows H-I, and creating an accessible path of travel to those

21  seats.  All remediation will be completed no later than February 2, 2010.  Plaintiff

22  agreed to this resolution because defendant has plans to renovate the entire

23  Theater in 2013, and at that point the Theater will be completely accessible to

24  disabled persons.

25  As damages to plaintiff, defendant will pay $50,000.00 to Laurie Stoffel as

26  guardian ad litem in trust for Alexandra Stoffel, no later than November 20, 2009.

27  In addition, defendant will provide Plaintiff two tickets to one showing of each of

28  the remaining 2009-2010 Broadway Sacramento performances in one of the new

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

4

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

wheelchair seats plus its companion seat in rows H-I.   Likewise, defendant will provide Plaintiff two season tickets to the 2010-2011 Broadway Sacramento performances in one of the new wheelchair seats plus its companion seat in rows H-I.

As attorney fees, costs and expenses, defendant will pay $140,000.00 to the law office of Paul L. Rein no later than November 20, 2009.

**DISCLOSURE OF ATTORNEYS' INTERESTS**

Plaintiff's counsel was retained by Plaintiff's mother, Laurie Stoffel, to represent Plaintiff's interests.  Plaintiff's counsel did not become involved in this action at the instance of the Defendant, either directly or indirectly.  Other than as attorney in this action Plaintiff's counsel have no relationship with Plaintiff or her mother.  Declaration of Paul L. Rein.

Plaintiff's  counsel, as in all cases handled by his firm, takes no portion of Plaintiff's  damages.  It is Plaintiff's Counsel's policy not to discuss resolution of damages or attorney fees until settlement of the injunctive relief, so as not to create any actual or apparent conflict of interest between the public interest in securing accessible facilities and the Plaintiff's  and/or attorneys' financial interest.  In this case, the attorney fees, costs and expenses which defendant has agreed to pay is the same amount recommended to the parties by Magistrate Judge Hollows at the settlement conference on October 15, 2009.  Id.

**DISCLOSURE OF PETITIONER'S INTERESTS**

Petitioner Laurie Stoffel is the mother of plaintiff ALEXANDRA STOFFEL and is the *Guardian ad Litem* in this case.  She is neither a plaintiff nor a claimant against the recovery in this case.  She may benefit indirectly from the settlement in that she may use the companion seat for one or more of the performances for which Plaintiff is receiving season tickets.  Declaration of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

5

Laurie Stoffel.

**DISBURSEMENT OF MONEY**

Defendants will pay $50,000.00 in damages in this case on or before November 20, 2009, which Paul Rein will hold in trust pending Court approval of this Application.  Petitioner requests that the Court approve direct disbursal of $10,366.00 to Laurie Stoffel upon approval of this application, pursuant to Local Rule 17-202(e)(3).  Alexandra is a Junior in high school who is preparing for college.  This money will be used to pay for a Kaplan SAT preparation course and for travel to colleges to investigate whether they are sufficiently accessible and appropriate for Alexandra to attend.  Declaration of Laurie Stoffel.

As for the remaining $39,634.00, Laurie Stoffel will establish a federally-insured blocked account at the Sacramento Credit Union located at 800 H street, Sacramento, California   The  $39,634.00 settlement monies will be deposited into this account within two business days of receipt.  Pursuant to the terms of the Consent Decree, plaintiff requests that the damages payment be made by check to "Laurie Stoffel in Trust for Alexandra Stoffel."  When needed, petitioner will make application to Magistrate Judge Hollows for release of funds pursuant to Local Rules 17-202 and 72-302(c)(14).  When plaintiff reaches the age of 18 years on July 31, 2011, Petitioner requests plaintiff have the ability to withdraw any remaining funds without further order of this Court.


CONCLUSION

For the reasons state above, Plaintiffs hereby requests that the Court approve the settlement on the terms as set forth herein.


DATED: November 15, 2009                    LAW OFFICES OF PAUL L. REIN

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

6

1  By: _____
2  CELIA McGUINNESS, Esq.
   Attorneys for Plaintiff
   ALEXANDRA STOFFEL by LAURIE
3  STOFFEL as her Guardian Ad Litem

4

5                        **ORDER**

6       Pursuant to stipulation, and for good cause shown, Petitioner's Application

7  for Approval of Minor's Claims is GRANTED.

8

9       It is ORDERED that Petitioner Laurie Stoffel will establish an interest-

10  bearing, federally-insured blocked account at the Sacramento Credit Union,  800

11  H street,  Sacramento, California. Within two business days of receipt of the

12  damages payment of $50,000.00, Petitioner will deposit  $39,634.00 into this

13  account.  The account shall indicate the name of the minor.  Petitioner will

14  provide a copy of this order to the Credit Union.  Petitioner will file an endorsed

15  Receipt and Acknowledgment of Order for the Deposit of Money into Blocked

16  Account (CA Judicial Council Form MC-356) with the Court within 15 days of

17  depositing the funds.

18       It is FURTHER ORDERED that $10,366.00 of the damages payment will

19  be disbursed directly to Petitioner to pay for plaintiff's college expenses as

20  outlined in the Declaration of Petitioner Laurie Stoffel dated October 16, 2009.

21  The Court finds that this disbursement is reasonable and in the best interests of

22  the minor pursuant to Local Rule 17-202(e)(3).

23       It is FURTHER ORDERED that Petitioner make application to Magistrate

24  Judge Hollows for release of funds in the blocked account, pursuant to Local

25  Rules 17-202 and 72-302(c)(14).   No withdrawal of principle or interest may be

26  made from the blocked account without a written order under this case name and

27  number, signed by a judge and bearing the seal of this Court, until the minor

28  attains the age of majority.  The money on deposit is not subject to escheat.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

7

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

1    The Court finds that plaintiff Laurie Stoffel will attain the age of majority

2   on July 31, 2011.  It is ordered that the Sacramento Credit Union shall permit

3   plaintiff Alexandra Stoffel to with draw the funds after that date, without further

4   order of the Court.

5

6

7

8

Dated: November 23, 2009

9                                              /s/ Gregory G. Hollows

10                                        _____
                                          Honorable GREGORY G. HOLLOWS
11                                        United States Magistrate Judge

12

13   stoffel.ord

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Application for Approval of Minor's Compromise
CASE NO. 2:08-CV-01076 JAM-GGH

G:\DOCS\GGH\DGGH1\signed\stoffel.ord.wpd

8